FILED
January 06, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003996144

3

**TRUDI G. MANFREDO,** Bar No. 166474
Chapter 7 Trustee
575 East Alluvial, Suite 103A
Fresno, California 93720
Telephone: (559) 242-5577
Facsimile: (559) 513-8148

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In the Matter of | Case No. 11-12018-B-7 |
| | Chapter 7 |
| LEE PAO YANG and MAY VANG, | TMT-3 |
| | Date: February 2, 2012 |
| | Time: 10:00 a.m. |
| Debtors. | Dept: B, Courtroom 12, Fresno |
| | The Honorable W. Richard Lee |

**TRUSTEE'S MOTION FOR AUTHORITY TO SELL
BANKRUPTCY ESTATE'S INTEREST IN PERSONAL PROPERTY**

The Motion for Order Authorizing Trustee to Sell Bankruptcy Estate's Interest in Personal Property filed by Trudi G. Manfredo, Chapter 7 Trustee, represents:

1. Trudi G. Manfredo ("Trustee"), is the duly appointed, qualified, and acting trustee in the Chapter 7 case filed by Lee Pao Yang and May Vang ("Debtors"). Debtors filed for relief under Chapter 13 of the Bankruptcy Code on February 22, 2011. It was then converted to a Chapter 7 bankruptcy on June 15, 2011.

1

2. This is a core matter under 28 U.S.C. § 157(b)(2)(A) and (N).

3. One of the assets of this estate is the non exempt portion of a 2000 GMC Yukon, VIN No. 3GKEC16T7YG227282 and Licence No. 5TSF404 ("Personal Property"). This vehicle is free and clear of liens and encumbrances and debtors have claimed an exemption in this vehicle of $2,725.00 under CCP §704.010.

4. Trustee believes that the most this vehicle would sell for at public auction $5,000.00. Trustee has received an offer to purchase the non exempt equity in this vehicle from the Debtors for $1,700.00. Trustee has accepted this offer and is currently holding these funds.

5. If the property were to sell at auction, after subtracting 15% commission of $750.00 and storage and transport fees estimated to be $200.00, $1,775.00 would be generated to the Bankruptcy Estate. The amount to be received at auction is never certain.

6. The Trustee believes that selling the Bankruptcy Estate's interest in this Personal Property is in the best interests of the estate and its creditors because there is no delay in receiving the sales proceeds, nor is there any uncertainty in the amount to be received by the estate. This is the last asset to be liquidated in this case.

7. If this sale is approved, Trustee will be able to commence with closing this case.

8. There will be no adverse tax consequences to this sale.

///
///

WHEREFORE, Trustee prays as follows:

1. That Trustee's Motion for authority to Sell the Bankruptcy Estate's Interest in Personal Property be granted;

2. That the Trustee be authorized to sell the Bankruptcy Estate's interest in the Personal Property to the Debtor for $1,700.00;

3. For such other and further relief as the Court deems to be just and proper.

Dated: January 5, 2012  /s/ Trudi G. Manfredo
TRUDI G. MANFREDO, Trustee